BISCAYNE SHORES, Inc., to Use of NEW BISCAYNE SHORES CO., v. COOK et al.

No. 5130.

Circuit Court of Appeals, Third Circuit.

Sept. 12, 1933.

Simon Lenson and Sigmund H. Steinberg (of Blanc & Steinberg), both of Philadelphia, Pa., for appellant.

C. B. Wagoner, of Philadelphia, Pa. (G. A. Troutman, J. W. McWilliams, and C. S. Wesley, all of Philadelphia, Pa., of counsel), for appellees.

Before WOOLLEY and THOMPSON, Circuit Judges, and FORMAN, District Judge.

FORMAN, District Judge.

Appellant (vendor) entered into a contract under date of March 6, 1925, with the appellees for the sale of certain land in Florida. The consideration was $10,000, of which $3,350 was to have been paid on the signing of the contract, and the balance was to have been paid in three equal installments annually on March 6th of each of the three succeeding years.

The contract further provided:

"And in case of the failure of the said parties of the second part (the appellees) to make either of the payments or any part thereof, or to perform any of the covenants on their part hereby made and entered into, this contract shall be forfeited and terminated, and the parties of the second part shall forfeit all payments made by them on this contract; and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by it sustained, and the party of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor.

"The party of the first part reserves the right in case of default, to foreclose this instrument as a mortgage and in such event parties of the second part agree to pay reasonable attorney fees. In construing this instrument, time is made an essential part.

"It is mutually agreed, by and between the parties hereto, that the time of payments shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties. Sixty days' default in the payment of either principal or interest shall mature the entire indebtedness evidenced and secured hereby."

In addition to the initial payment on the contract, the appellees (vendees) paid $2,216.60 on March 6, 1926, and $1,000 on July 8, 1927, leaving a balance due of $3,433.40, for which the vendor brought suit in affirmance of the contract.

The vendees met the statement of claim by filing an affidavit in lieu of demurrer, alleging that under the terms and conditions of the written contract the vendor's remedy, in the event of the vendees' breach, was to retain all payments made on vendees' account, in full satisfaction and liquidation of its claim against the vendees, and that the vendor, having retained the vendees' payments, could not recover the alleged unpaid balance. On these pleadings the District Court held for the vendees and judgment was accordingly entered in their favor and against the vendor, from which judgment the vendor brings this appeal.

The appellees (vendees) insist that by reason of the phraseology of this contract the vendor did not have an option either to enforce full payment or retain the payments made to it and the property, but, on the other hand, the vendees had the right to forfeit their payments and be relieved from further liability under the contract.

The District Court agreed with this view in the following language:

" * * * It is usual in contracts of this kind to provide that the vendor may declare the contract off in case of default by the vendee and retention of payments made thereon as liquidated damages. Under such a contract the vendor may or may not declare a default breach and appropriate the payments made in payment of damages for the breach of contract. No defaulting party to a contract can force the hand of the vendor in the exercise of his right of option. This contract is, however, unique. The vendor here reserves to himself not the right at his option to call the contract off but the contract provides that it shall be called off upon the terms of a retention of the vendor of all payments made. This in effect gave to the vendee the option of abandoning the purchase at the cost of the loss of the payments made. That this was the meaning of the contract is made clear from the two features that a substantial part, approximately one-third of the entire purchase money, was paid down when the contract was entered into. The substantial payments made suggested the possibility that by these payments the purchaser might have acquired an interest in the real estate which was the subject matter of the sale. Because of this there was the added provision that the vendor should retain the title to the premises clear of any claim of title of the vendee. The suit, as we have said, is in affirmance of the contract for the balance of the purchase money.

"The demurrer interposed is in effect that under the terms of this contract the vendee had the option or right to abandon the purchase at, as we have said, the cost of the loss of all he has paid thereon." Pages 12 and 13 record.

It will be observed that the forfeiture clause in this case contains the phrase: "And such payments shall be retained by the party of the first part *in full satisfaction and liquidation of all damages by it sustained.*"

In the absence of the italicized words, *"in full satisfaction and liquidation of all damages by it sustained,"* there is no question but that the overwhelming weight of authority holds that the vendor would have an option

either to forfeit and retain the payments or to sue for the balance of the purchase price in affirmance of the contract.

In fact, this is practically conceded by the appellees in this case.

The words are somewhat broader than are found in the contracts in most of the adjudicated cases, but nevertheless are not sufficient to negative the doctrine so thoroughly established that the clause is for the benefit of the vendor and cannot be held to deprive it of the benefit of its option to sue upon the contract.

In Stewart v. Griffith, 217 U. S. 323, 30 S. Ct. 528, 529, 54 L. Ed. 782, 19 Ann. Cas. 639, a contract for the sale of land was likewise involved, and the vendee similarly attempted to escape full execution of the contract. Mr. Justice Holmes, in that case, held: "The first defense is based on this document itself. It is said that the defendant made no covenant, and therefore was free to withdraw if he chose to sacrifice the $500 that he had paid. This contention should be disposed of before we proceed to the other questions in the case. The argument is that the condition of forfeiture just stated and the consequence that the contract is to be void and of no effect in law disclose the only consequences of default on the purchaser's part. * * * The condition plainly is for the benefit of the vendor, and hardly less plainly for his benefit alone, except so far as it may have fixed a time when Stewart might have called for performance if he had chosen to do so, which he did not. This being so, the word 'void' means voidable at the vendor's election, and the condition may be insisted upon or waived, at his choice."

The last-mentioned case is reviewed by Mr. Justice Day in Western Union Telegraph Company v. Brown, 253 U. S. 101, 40 S. Ct. 460, 463, 64 L. Ed. 803, wherein he says: "The condition in the contract in Stewart v. Griffith that nonpayment should render the contract null and void is the equivalent of the stipulation in the present agreement, much relied upon by the respondent, that upon nonpayment of the stipulated sums the rights of each of said parties should cease and determine. We think the attempted distinction between Stewart v. Griffith and the instant case is untenable."

So in this case the substantial amount of payments made by the vendees, or the added provision that the vendor should retain the title to the premises clear of any claim of title of the vendees or, in fact, any of the other

provisions of the present contract, do not distinguish it from the general rule governing such agreements giving to the vendor the option of retaining the payments as forfeited or the right to a full performance upon the part of the vendee.

Under these circumstances, the decision of the District Court sustaining the affidavit of defense in lieu of demurrer is reversed.